## Case No. 12,850.

### SILL et al. v. LAWRENCE.

[1 Blatchf. 605.] [1]

Circuit Court, S. D. New York. Oct. Term. 1850.

CUSTOMS DUTIES—FANCY BOXES — MANUFACTURES OF EBONY.

Fancy boxes, made of common wood and veneered with rose-wood or ebony, invoiced as rose-wood boxes and ebony boxes, and known to the trade by those names and also as fancy boxes and furnished boxes, fall within Schedule B of the tariff act of July 30, 1846 (9 Stat. 44), and are subject to a duty of 40 per cent. ad valorem, as "manufactures of ebony, rose-wood, &c.," it not appearing that there are any articles known as ebony boxes or rose-wood boxes made wholly out of those woods.

The plaintiffs [Henry W. Sill and Mason Thomson] brought this action against [Cornelius W. Lawrence] the collector of the port of New York, to recover back an excess of duties.

Elias H. Ely, for plaintiffs.
J. Prescott Hall, Dist. Atty., for defendant.

NELSON, Circuit Justice. This is an action brought to recover excessive duties paid by the plaintiffs upon rose-wood and ebony boxes. They were invoiced and entered at the custom-house as rose-wood and ebony boxes. The foundation is made of common French wood, and they are veneered with rose-wood or ebony, and some of them are inlaid with brass, and filled with articles for the toilet. They are called in the trade by different names, such as fancy boxes, furnished boxes, rose-wood boxes, and ebony boxes. Boxes of this description are rarely, if ever, imported made wholly of rose-wood or ebony; but are only veneered with the article even when called by that name.

---

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

On the part of the defendant it is claimed, that the article ranges under Schedule B of the tariff act of July 30, 1846 (9 Stat. 44), and is chargeable with a duty of forty per cent. ad valorem, within the description of "manufactures of cedar wood, granadilla, ebony, mahogany, rose-wood, and satin wood." The plaintiffs claim, that it should be classed un-●er Schedule C, and be charged with a duty of only thirty per cent. ad valorem, within the description of "paper boxes and all other fancy boxes."

If it had appeared that articles made wholly or chiefly of ebony or rose-wood were imported and known in commerce by the denomination of ebony or rose-wood boxes, there might be force in the view taken by the plaintiffs, as that fact would lay the foundation for a distinction between such boxes and the articles in question. But there does not appear to be any article of this description made wholly out of these materials and known as ebony or rose-wood boxes; and, unless the article in question is referred to, among others, by the clause quoted from Schedule B, that clause would seem to be without meaning as it respects the particular article.

Besides, it is well understood that most of the articles of furniture which have the name of a particular kind of wood appended to them, take the name of the wood with which they are veneered; and it is quite clear, we think, that they were intended to be classed under Schedule B within the terms "manufactures of cedar wood, granadilla, ebony, rose wood, &c."

We think, therefore, that the clause does not look to an article manufactured wholly out of the materials mentioned; but, that when it is made even chiefly of other kinds of wood for the foundation, and is veneered with these materials, it must be regarded as falling within this clause, and therefore chargeable with a duty of forty per cent. ad valorem.

There must be a judgment for the defendant.